# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TEREZ COOK,<br><br>Petitioner,<br><br>v.<br><br>BRIAN CAHAK,<br><br>Respondent. | Case No. 26-CV-791-JPS<br><br>**ORDER** |

On May 4, 2026 Petitioner Terez Cook ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Magistrate Judge Nancy Joseph screened the petition and found three possible grounds for relief and directed Respondent Brian Cahak ("Respondent") to respond to the petition. ECF No. 6 at 1. Magistrate Judge Joseph further ordered that, if Respondent filed an answer, Petitioner had forty-five days thereafter to file a brief in support of his petition. *Id.* at 2.

Respondent timely filed an answer on July 22, 2026. ECF No. 10. Accordingly, because of an intervening weekend and holiday, Petitioner's brief was due on or before September 8, 2026. *See* FED. R. CIV. P. 6(a)(2)(C). That date came and went with no filing from Petitioner.

On October 22, 2026, Respondent filed a motion to dismiss the petition for failure to prosecute, citing Petitioner's failure to timely file a brief. ECF No. 11. Respondent certified that he served the motion and brief on Petitioner in custody. ECF Nos. 11-1, 12-1. Petitioner has not advised the Court that his address has changed so the Court presumes that he received Respondent's motion to dismiss. *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d

473, 476 (7th Cir. 2009) ("[Evidence of proper mailing raises a rebuttable presumption of delivery." (citing *Vincent v. City Colls. of Chi.*, 485 F.3d 919, 922–23 (7th Cir. 2007) and *In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974))). Despite this, Petitioner did not file anything in response to the motion to dismiss that would indicate that he intends to pursue this case further.

Finding that Petitioner has failed to prosecute this case diligently, the Court will grant Respondent's motion to dismiss, deny the petition without prejudice, and dismiss this case without prejudice. FED. R. CIV. P. 41(b); CIV. L.R. 41(c).

Accordingly,

**IT IS ORDERED** that Respondent Brian Cahak's motion to dismiss for failure to prosecute, ECF No. 11, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Petitioner Terez Cook's petition for writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 19th day of November, 2026.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.